IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**JAMES D. W. CARR,**

      **Petitioner,**

v.                                                                    Case No. 2:12-cv-00909

**WARDEN DAVID BALLARD,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

On March 28, 2012, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 2). On that same date, the petitioner filed a separate civil action against unnamed "state officials" alleging that various state officials that have been involved in two criminal proceedings against the petitioner (the one that is the subject of this habeas corpus petition and another in the Circuit Court of Randolph County) are "trying to murder" the petitioner by denying him medical care and charging him with crimes of which he claims he is not guilty. That "Complaint" was docketed in Case No. 2:12-cv-00908.

In the instant case (2:12-cv-00909), Petitioner has also filed what has been docketed as a "Supplemental Petition" addressing his outlandish claims that these unnamed state officials are "murdering" him by pursuing what he claims to be false charges against him. That document was docketed in the above referenced case number because the petitioner used a section 2254 petition form that was received at the same time as the section 2254 petition form used to open this matter. The petitioner has

continued to file documents related to the alleged conduct of the unnamed "state officials" in the instant case, rather than Case No. 2:12-cv-00908.

The undersigned will attempt to address the issues unrelated to the validity of the petitioner's conviction in the Circuit Court of Kanawha County (that is, those related to the unnamed "state officials trying to murder" the petitioner) in a separate document to be docketed in Case No. 2:12-cv-00908. This Proposed Findings and Recommendation will solely address the petitioner's section 2254 petition related to his conviction in the Circuit Court of Kanawha County in Case No. 04-F-343.

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## **PROCEDURAL HISTORY**

The petitioner's petition indicates that the petitioner does not know some of the dates and necessary information concerning the procedural history of his case. Accordingly, the undersigned's staff has ascertained the necessary information through communications with the Kanawha County Circuit Clerk's Office and with the Clerk of the Supreme Court of Appeals of West Virginia.

During the September 2004 term, the petitioner was charged in the Circuit Court of Kanawha County with eight counts of various sexual offenses. On February 28, 2008, pursuant to a plea agreement, the petitioner pled guilty to four counts of First Degree Sexual Abuse. On May 12, 2008, the petitioner was sentenced to one to five years on each of the four counts, which sentences were to run consecutively. *State v. Carr*, Case

No. 04-F-353 (Order entered May 12, 2008.) Petitioner did not file a Petition for Appeal in the Supreme Court of Appeals of West Virginia ("SCAWV").

On December 29, 2010, Petitioner, proceeding *pro se*, filed an original jurisdiction petition for habeas corpus relief in the SCAWV. That petition was refused on March 10, 2011. *State ex rel Carr v. Ballard*, No. 10-4031.

On March 28, 2012, Petitioner filed the instant Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 2).

## APPLICABLE STATUTE

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Because the petitioner did not file a Petition for Appeal, his judgment became final on the last date upon which he could have filed such a petition, which was on or about September 12, 2008. Thus, absent a tolling event, the petitioner had until September 12, 2009 to file a section 2254 petition.

The file of the petitioner's criminal case (04-F-343) was not available for review by the undersigned's staff because it has been archived. However, a review of the docket sheet for that case indicates that, on June 23, 2009, the petitioner filed a *pro se* "Petition for a Writ of Habeas Corpus" which was docketed in the criminal case, not as a separate action. The circuit court denied that petition on that same date, June 23, 2009. Even if the court were to consider the habeas corpus petition filed by the petitioner in his criminal case on June 23, 2009 to be a "properly-filed petition for State post-conviction or other collateral review" sufficient to toll the statute of limitations under section 2244(d), that petition was denied the same day. The petitioner did not appeal the denial of his habeas petition so, to the extent that the habeas corpus petition filed in Kanawha County could have tolled the statute of limitations, the statute began to run again no later than October 23, 2009, the last date upon which the petitioner could have filed a petition for appeal of the denial of his habeas corpus petition, and it expired no later than December 13, 2009.

Petitioner filed an original jurisdiction petition in the SCAWV on December 29, 2010, but by that time, the one-year statute of limitations had already run, so that petition did not toll the statute, and the instant section 2254 petition was filed more than two years after the statute of limitations had expired. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's instant section 2254 petition is untimely.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2254 petition as being untimely under 28 U.S.C. §2244(d). It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Supplemental Petition (ECF No. 4) and his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and dismiss this civil action from the docket of the court.

On April 13, 2012, the Clerk's Office received numerous additional documents from the petitioner, including copies of his Presentence Report, documents related to the petitioner's parole eligibility, and statements by and about the minor victims of the crimes of which he was convicted in Kanawha County, as well as documents related to the charges he faced in the Circuit Court of Randolph County. Some of these documents, if docketed, would be required to be filed under seal, and none of them are necessary to the court's decision concerning the petitioner's habeas corpus or other civil action. Accordingly, it is respectfully **RECOMMENDED** that the documents be returned to the petitioner and not be docketed.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr.,

United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

April 19, 2012

Mary E. Stanley
United States Magistrate Judge