```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**JAMES D. W. CARR,**

      Petitioner,

v.                                    CIVIL ACTION NO. 2:12-0909

**WARDEN DAVID BALLARD,**

      Respondent.


<u>MEMORANDUM OPINION AND ORDER</u>

Pending is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed March 28, 2012.  This action was previously referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to the court of her proposed findings and recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636.

On April 19, 2012, the magistrate judge entered her PF&R recommending that the petition be denied, along with the supplemental petition also filed March 28, 2012, and the Application to Proceed Without Prepayment of Fees and Costs.[1]

---

[1] The magistrate judge additionally recommends that the Clerk return to petitioner certain documents he attempted to file on April 13, 2012.  As will become apparent, none of these documents relate to the disposition of the petition on the recommended grounds.  The Clerk is thus directed to return the documents to petitioner without docketing.

The magistrate judge's recommendation is based upon expiration of the limitations period found in 28 U.S.C. § 2244(d)(2).  In sum, petitioner's state convictions became final on September 12, 2009.  The instant petition was filed two-and-one-half years later on March 28, 2012.

On May 8, 2012, petitioner objected.[2]  He asserts that his "known lack of capacity" warrants application of the equitable tolling doctrine.  Section 2244(d) is subject to equitable tolling.  One seeking the benefit of the doctrine, however, must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.  Holland v. Florida, 130 S. Ct. 2549, 2562 (2010); Wood v. Milyard, 132 S. Ct. 1826, 1831 n.3 (2012).  Even if one were to assume petitioner has established the second requirement, he has failed to do likewise as to the first.  In sum, there is no indication petitioner has pursued relief seasonably.

---

[2]On June 29, 2012, petitioner moved for a protective order. The motion in essence asserts (1) petitioner's innocence of the state crimes to which he pled guilty, (2) that he was coerced into entering his guilty pleas, and (3) that he is being mistreated and denied necessary medical care.  The first two claims are subject to the aforementioned limitations analysis.  The final claim, which challenges prison conditions, is more properly considered in the companion action filed by petitioner pursuant to 42 U.S.C. § 1983.  The court, accordingly, ORDERS that the motion for a protective order be, and it hereby is, denied.

Petitioner next requests that a "committee" be appointed to represent him inasmuch as he is "Mentally Retarded and Mentally Disabled." (Objecs. at 2). Petitioner does not raise a substantial question respecting his competency. See <u>Allen v. Calderon</u>, 408 F.3d 1150, 1153-54 (9th Cir. 2005). The court thus declines to appoint a guardian.

Based upon a <u>de novo</u> review, and having found the objections meritless, the court adopts and incorporates herein the magistrate judge's PF&R. It is ORDERED as follows:

1. That the section 2254 petition and supplemental petition be, and they hereby are, denied;

2. That the Application to Proceed Without Prepayment of Fees and Costs be, and it hereby is, denied;

3. That this action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to the petitioner, all counsel of record, and the United States Magistrate Judge.

DATED: August 17, 2012

John T. Copenhaver, Jr.
United States District Judge

3